UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
GARLOCK PRINTING & CONVERTING CORP.,

                                Plaintiff,

- against -

PLASTICS EXCHANGE, INC. and
JOSEPH M. CERVERA a/k/a
JOSEPH CEVERA,

                                Defendants.
------------------------------------X

**COMPLAINT**

Civil Action:

CV-14-4622

Plaintiff GARLOCK PRINTING & CONVERTING CORP., by its attorney, ROBERT L. DOUGHERTY, complaining of the defendants, alleges as follows:

## JURISDICTION

1.     Plaintiff GARLOCK PRINTING & CONVERTING CORP.("GARLOCK") is a corporation incorporated under the Laws of the State of Massachusetts and maintains a place of business at 164 Fredette Street, Gardiner, Massachusetts 01440.

2.     Upon information and belief, defendant PLASTICS EXCHANGE, INC. ("PLASTICS EXCHANGE") is a corporation incorporated under the Laws of the State of Florida.

3.     Upon information and belief, defendant PLASTICS EXCHANGE has a place of business located in Florida at 1330 West Avenue, Suite 2407, Miami, Florida 33131.

4. Upon information and belief, PLASTICS EXCHANGE also has a place of business located at 220 Old Country Road, Mineola, New York 11501.

5. Upon information and belief, defendant JOSEPH M. CERVERA resides at 18 Ashland Avenue, New Hyde Park, New York 11040.

6. Upon information and belief, defendant JOSEPH M. CERVERA also goes by the name of JOSEPH CEVERA.

7. Upon information and belief, JOSEPH M. CERVERA is the owner of PLASTICS EXCHANGE.

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332 in that the citizenship of the parties is diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

9. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. Section 1391 as PLASTICS EXCHANGE conducts business in the Eastern District, JOSEPH M. CERVERA resides in the Eastern District and a substantial part of GARLOCK's claim arose in the Eastern District.

## THE FACTS

10. GARLOCK is a flexographic printer and involved in the business of providing packaging for food and other items.

11. In about January 2014, JOSEPH M. CERVERA of PLASTICS EXCHANGE contacted GARLOCK and advised them that he would be willing to act as a broker for GARLOCK's purchase of a Wicketer Bag Machine and an AMI Zipper System Machine.

12. JOSEPH M. CERVERA advised GARLOCK that the cost for the AMI Zipper Machine would be $21,000.00 and the cost for the Wicketer Bag Machine would be $89,000.00.

13. Mr. CERVERA further advised GARLOCK that he would take his brokerage commission fees out of the $110,000.00 invoice price.

14. Thereafter, PLASTICS EXCHANGE issued an invoice, dated February 4, 2014, to GARLOCK in the amount of $110,000.00.

15. The PLASTICS EXCHANGE invoice indicates that PLASTICS EXCHANGE would provide to GARLOCK a Hudson Sharp Wicketer Bag Machine and an AMI Zipper System Machine, complete with all major components, at a price of $110,000.00.

16. Pursuant to discussions between JOSEPH M. CERVERA of PLASTICS EXCHANGE and Brian Jones of GARLOCK, the two machines would be available for use by GARLOCK by March 2014.

17. On or about January 27, 2014, pursuant to the PLASTICS EXCHANGE invoice, GARLOCK issued a $5,000.00 check made payable to PLASTICS EXCHANGE and mailed it to PLASTICS EXCHANGE at their 220 Old Country Road, Mineola, New York address.

18. Shortly thereafter, the $5,000.00 GARLOCK check was deposited by PLASTICS EXCHANGE at its checking account at Citibank. N.A., 114 Old Country Road, Mineola, New York 11501, Account No. 9985355535.

19. On or about February 6, 2014, $52,500.00 was wired by GARLOCK to PLASTICS EXCHANGE at PLASTICS EXCHANGE's Citibank Account No. 998535535.

20. On or about March 3, 2014, GARLOCK wired an additional $52,500.00 to PLASTICS EXCHANGE at PLASTICS EXCHANGE's Citibank Account No. 998535535.

21. A total amount of $110,000.00 was paid by GARLOCK to PLASTICS EXCHANGE in accordance with the February 4, 2014 invoice for the AMI Zipper System Machine and the Wicketer Bag Machine.

22. JOSEPH M. CERVERA advised GARLOCK that both of these machines were to be obtained by PLASTICS EXCHANGE purchasing those machines from Poly Works, a New York State manufacturing business located at 110 Corporate Drive, New Windsor, New York.

23. Upon information and belief, in early April 2014, PLASTICS EXCHANGE paid $21,000.00 to Poly Works for the AMI Zipper Machine.

24. On or about April 15, 2014, the AMI Zipper Machine was picked up by GARLOCK and GARLOCK is currently using the AMI Zipper Machine.

25. Over the course of several months, from March through June, 2014, various individuals from GARLOCK contacted JOSEPH M. CERVERA of PLASTICS EXCHANGE continually requesting that PLASTICS EXCHANGE pay Poly Works $89,000.00 for the Wicketer Bag Machine.

26. On June 9, 2014, during a conference call with Kevin King, Chief Financial Officer of GARLOCK, JOSEPH M. CERVERA was questioned why PLASTICS EXCHANGE had not paid Poly Works for the Wicketer Bag Machine with the $89,000.00 that had been paid by GARLOCK to PLASTICS EXCHANGE for that explicit purpose.

27. During that conference call, Mr. King advised Mr. CERVERA that if PLASTICS EXCHANGE could immediately pay $5,000.00 to Poly Works, Poly Works would use that as a deposit and hold the Wicketer Bag Machine pending payment of the remainder of the purchase price.

28. During that conversation, Mr. CERVERA stated to Mr. King that he could not come up with $5,000.00 as a deposit to be paid to Poly Works and that the $89,000.00 paid by GARLOCK to PLASTICS EXCHANGE was gone.

29. Up to the present time, PLASTICS EXCHANGE has not paid Poly Works for the Wicketer Bag Machine.

30. Up to the present time, GARLOCK still does not have the Wicketer Bag Machine it paid for.

31. The failure to purchase the Wicketer Bag Machine from Poly Works with the $89,000.00 provided by GARLOCK to PLASTICS EXCHANGE constitutes a breach of the agreement between GARLOCK and PLASTICS EXCHANGE.

32. The failure of PLASTICS EXCHANGE to provide GARLOCK with the Wicketer Bag Machine, even though GARLOCK paid $89,000.00 for it, constitutes a breach of the agreement between GARLOCK and PLASTICS EXCHANGE.

33. In view of the above, plaintiff GARLOCK requests damages in the amount of $89,000.00 against defendant PLASTICS EXCHANGE, together with interest.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" as if stated fully at length herein.

35. Plaintiff GARLOCK also seeks recovery against PLASTICS EXCHANGE under the theory of quasi contract.

36. Should the finder of fact determine that there was no formal written contract or agreement entered into between GARLOCK and PLASTICS EXCHANGE concerning the providing of the Wicketer Bag Machine at a cost of $89,000.00, GARLOCK requests the Court to permit it to recover against PLASTICS EXCHANGE under a theory of quasi contract.

37. GARLOCK requests the Court to find that there was an agreement between the parties for GARLOCK to receive a Wicketer Bag Machine after $89,000.00 had been paid to PLASTICS EXCHANGE, with PLASTICS EXCHANGE acting as a broker to obtain said machine from Poly Works.

38. Said Wicketer Bag Machine has not been provided to GARLOCK, although GARLOCK paid PLASTICS EXCHANGE $89,000.00 to obtain that machine.

39. In view of the above, plaintiff GARLOCK requests damages in the amount of $89,000.00 against defendant PLASTICS EXCHANGE, together with interest.

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" as if stated fully at length herein.

41. Plaintiff GARLOCK also seeks recovery against PLASTICS EXCHANGE under the theory of unjust enrichment.

42. The agreement between GARLOCK and PLASTICS EXCHANGE was that the payment of $89,000.00 by GARLOCK to PLASTICS EXCHANGE would enable PLASTICS EXCHANGE to purchase a Wicketer Bag Machine from Poly Works to be used by GARLOCK.

43. To allow PLASTICS EXCHANGE to retain the $89,000.00 paid by GARLOCK to PLASTICS EXCHANGE without GARLOCK receiving the promised Wicketer Bag Machine would result in an unjust enrichment to PLASTICS EXCHANGE.

44. Because PLASTICS EXCHANGE has retained this $89,000.00 and because GARLOCK has not received the Wicketer Bag Machine, the retention of this $89,000.00 represents unjust enrichment in favor of PLASTICS EXCHANGE.

45. In view of the above, plaintiff GARLOCK requests damages in the amount of $89,000.00 against defendant PLASTICS EXCHANGE, together with interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "45" as if stated fully at length herein.

47. This $89,000.00 paid by GARLOCK to PLASTICS EXCHANGE was to be used by PLASTICS EXCHANGE to purchase a Wicketer Bag Machine from Poly Works, with said machine to be owned and operated by GARLOCK.

48. Said Wicketer Bag Machine was never purchased by PLASTICS EXCHANGE.

49. In a conference call held on June 9, 2014 between JOSEPH M. CERVERA and Kevin King from GARLOCK, JOSEPH M. CERVERA admitted that the $89,000.00 paid by GARLOCK to PLASTICS EXCHANGE was gone and that he could not even come up with $5,000.00 as a deposit to be paid to Poly Works for the Wicketer Bag Machine.

50. Upon information and belief, defendant JOSEPH M. CERVERA has unauthorized possession or control of these specifically identifiable funds from GARLOCK in the amount of $89,000.00.

51. Upon information and belief, these funds were improperly removed from PLASTICS EXCHANGE's corporate account at Citibank for use by Mr. CERVERA or for other uses not related to the purchase of the Wicketer Bag Machine.

52. This conversion was done knowingly and intentionally and with full

knowledge that the $89,000.00 was only to be used for the purchase of a Wicketer Bag Machine for GARLOCK and not for any other purpose.

53. Upon information and belief, the $89,000.00 was been converted by JOSEPH M. CERVERA for his personal use and with full knowledge that said conversion would damage GARLOCK.

54. In view of the above, plaintiff GARLOCK requests damages in the amount of $89,000.00 against defendant JOSEPH M. CERVERA, together with interest as well as punitive damages in the amount of $250,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "54" as if stated fully at length herein.

56. A court of equity will pierce the corporate veil of a corporation where there has been control by the dominating party that leads to a wrong against third parties.

57. A Court will consider the absence of formalities that are part and parcel of the corporate existence such as:

    a)    Inadequate capitalization.

    b)    Whether funds are put in and taken out of the corporation for personal rather than corporate purposes.

    c)    The amount of business discretion displayed by the dominated corporation.

    d)    Whether the dominated corporation and the related individual deal with the dominated corporation at arms length.

    e)    Whether the dominated corporation is treated as an independent profit center.

    f)    Whether the dominated corporation had property that was used by the other individual as if it were its own.

58.    Here, JOSEPH M. CERVERA has admitted that the $89,000.00 paid by GARLOCK to PLASTICS EXCHANGE should have been used to purchase a Wicketer Bag Machine for GARLOCK, but was, instead, diverted by JOSEPH M. CERVERA for other purposes.

59.    PLASTICS EXCHANGE was inadequately capitalized as after the $89,000.00 paid to GARLOCK was improperly removed from PLASTICS EXCHANGE's business account by Mr. CERVERA, there were insufficient funds to proceed ahead with the purchase of the Wicketer Bag Machine.

60.    Upon information and belief, $89,000.00 was taken out of PLASTICS EXCHANGE's corporate account at Citibank for the personal use of JOSEPH M. CERVERA or for other non corporate reasons.

61.    Upon information and belief, PLASTICS EXCHANGE did not have any business discretion and all of PLASTICS EXCHANGE's business decisions were made by JOSEPH M. CERVERA for Mr. CERVERA's personal benefit.

62. In view of the above, this Court should exercise its equitable powers and pierce the corporate veil of PLASTICS EXCHANGE and impose an $89,000.00 liability against JOSEPH M. CERVERA, individually.

63. Based on the Court piercing the corporate veil of PLASTICS EXCHANGE, this Court should award damages to GARLOCK in the amount of $89,000.00 against defendant JOSEPH M. CERVERA, together with interest as well as punitive damages in the amount of $250,000.00.

## AS AND FOR A SIXTH CAUSE OF ACTION

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "63" as if stated fully at length herein.

65. Under New York Law, a corporation is considered to be a mere alter ego when it has been so dominated by another corporation or individual and its separate identity so disregarded that it primarily transacted the dominator's business rather than its own.

66. In such cases, the dominating individual will be held liable for the actions of the corporation which it dominated.

67. In view of the above and as amply set forth in this complaint, this Court should exercise its equitable powers and find that JOSEPH M. CERVERA is the alter ego of PLASTICS EXCHANGE.

68. Based on the Court finding that JOSEPH M. CERVERA is the alter ego of PLASTICS EXCHANGE, this Court should award damages to GARLOCK in the amount of $89,000.00 against defendant JOSEPH M. CERVERA, together with interest as well as punitive damages in the amount of $250,000.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "68" as if stated fully at length herein.

70. Due to the breach of contract, conversion and other misconduct of PLASTICS EXCHANGE and JOSEPH M. CERVERA, GARLOCK has incurred additional expenses concerning the Wicketer Bag Machine.

71. GARLOCK had to pay its personnel wages and incur travel and lodging expenses in a failed effort to pick up the Wicketer Bag Machine.

72. GARLOCK had to have its personnel work overtime with existing machinery because of the absence of the Wicketer Bag Machine.

73. These expenses were directly caused by the misconduct of

74. PLASTICS EXCHANGE and JOSEPH M. CERVERA, individually, and are, therefore, properly recoverable against both PLASTICS EXCHANGE and JOSEPH M. CERVERA.

75. In view of the above, plaintiff GARLOCK requests damages in the amount of $25,000.00 against both PLASTICS EXCHANGE and JOSEPH M. CERVERA, together with interest.

WHEREFORE, plaintiff GARLOCK PRINTING & CONVERTING CORP. demands judgment against defendants PLASTICS EXCHANGE, INC. and JOSEPH M. CERVERA also known as JOSEPH CEVERA as follows:

a) On the first cause of action, against defendant PLASTICS EXCHANGE, INC. for breach of contract in the amount of $89,000.00, together with interest,

b) On the second cause of action, against defendant PLASTICS EXCHANGE, INC. based on quasi contract in the amount of $89,000.00, together with interest,

c) On the third cause of action, against defendant PLASTICS EXCHANGE, INC. on the theory of unjust enrichment in the amount of $89,000.00, together with interest,

d) On the fourth cause of action, against defendant JOSEPH M. CERVERA also known as JOSEPH CEVERA based on conversion in the amount of $89,000.00, together with interest as well as punitive damages in the amount of $250,000.00,

e) On the fifth cause of action, that the Court exercise its equitable powers and pierce the corporate veil of defendant PLASTICS EXCHANGE, INC. and impose liability against defendant JOSEPH M. CERVERA also known as JOSEPH CEVERA in the amount of $89,000.00, together with interest as well as punitive damages in the amount of $250,000.00,

f) On the sixth cause of action, that the Court exercise its equitable powers and find that defendant JOSEPH M. CERVERA is the alter ego of defendant PLASTICS EXCHANGE, INC. and impose liability against defendant JOSEPH M. CERVERA also known as JOSEPH CEVERA in the amount of $89,000.00, together with interest as well as punitive damages in the amount of $250,000.00,

g) On the seventh cause of action, jointly and severally against defendants PLASTICS EXCHANGE and JOSEPH M. CERVERA also known as JOSEPH CEVERA, in the amount of $25,000.00, together with interest,

h) That this action be tried by a jury.

Respectfully submitted,

_____
ROBERT L. DOUGHERTY, ESQ. (RD4890)
Attorney for Plaintiff, GARLOCK PRINTING
& CONVERTING CORP.
226 Seventh Street, Suite 202
Garden City, New York 11530
(516) 873-0808